UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS ZUBEK,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :    CIVIL CASE NUMBER: |
| WARDEN, in 2010 of Corrigan-<br>Radgowaki Correctional Center, and<br>DR., of Corrigan-Radgowski<br>Correctional Center in 2010,<br>    *Defendants*. | :<br>:    3:15-cv-1633-VLB<br>:<br>:    May 2, 2016<br>:<br>: |

## Memorandum of Decision

Louis Zubek, proceeding pro se, brought a 42 U.S.C. § 1983 complaint, alleging a series of seemingly unrelated medical conditions developed while in prison. The Court ordered him to amend using a form for filing a civil rights complaint and specifically informed him that, *inter alia*, he needed to identify the people involved. In his amended complaint, Zubek names the prison warden and doctor but alleges only that he developed MRSA because of "conditions below standards" and that MRSA later led to an amputation because of "treatment below standards." These barebones allegations do not state a claim because there are no facts suggesting that anyone, including the two unnamed defendants, acted with deliberate indifference. The issue is whether Zubek should be given a second opportunity to amend. He should not. His initial complaint was defective for failing to articulate who was involved and how they were involved, and his amended complaint provides *less* factual information on the latter point.

## Factual and Procedural Background

In November 2015, while incarcerated, Zubek brought a one-page civil rights complaint. ECF No. 1. His complaint contained the following allegations. In June 2010, while incarcerated at Corrigan-Radgowaki Correctional Center ("Corrigan"), Zubek developed an open wound on his right foot. *Id.* at ¶ 2. He immediately sought medical attention, but "very little was done," including covering it. *Id.* Zubek later developed MRSA, which took staff several months to diagnose and treat with antibiotics. *Id.* The failure to timely treat the injury resulted in the amputation of his right foot because of osteomyelitis. *Id.* In October 2011, while recovering from his operation, he developed bladder cancer and got another operation to remove the cancer. *Id.* at ¶ 3. He later developed problems with his left leg due to the failure to provide a wheelchair and "being improperly transported." *Id.* at ¶ 4. Zubek sought monetary damages but failed to identify anyone responsible.

The Court ordered Zubek to file an amended complaint and provided him with the form for filing a civil rights complaint. ECF No. 15. The form explicitly informed him to "[i]nclude all facts you consider important, including names of persons involved, places, and dates [and] [to] [d]escribe exactly how each defendant [was] involved." ECF No. 19 at 3. The Court specifically informed him that, *inter alia*, he needed to identify the correctional staff members involved in his claims and indicate when the incidents underlying the claims occurred. ECF No. 15.

2

After receiving two extensions, Zubek, no longer incarcerated, filed an amended complaint naming "Warden in 2010 of Corrigan-Radgowski Correctional Center [a]nd Dr. of same in 2010."  ECF No. 19.  The complaint contains only these allegations: "Conditions of [Corrigan] [were] below standards[,] [c]ausing me to get [MRSA] infection in my right foot[,] [and] [t]reatment below standards led to amputation of my right foot."  *Id.* at 3 (.pdf pagination).

## Discussion

When a litigant proceeds *in forma pauperis*, a district court has the power to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  To state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When reviewing a complaint for facial plausibility, a district court must "accept[ ] all factual allegations as true and draw[ ] all reasonable inferences in favor of the plaintiff."  *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011).

A district court, however, affords pro se litigants "special solicitude."  *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011).  Courts should interpret the complaint "to raise the strongest claims that it suggests."  *Id.* (internal quotation marks and alterations omitted).  Further, "[a] *pro se* complaint should not be

3

dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks and alterations omitted). An amended complaint is rightfully dismissed when it fails to cure the defects noted in an initial review order. *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal without leave to amend of pro se complaint for failure to state a claim because plaintiff did not fix defects noted in initial dismissal order granting leave to amend).

In his amended complaint, Zubek alleges that prison conditions led to MRSA and that the failure to treat MRSA resulted in amputation. These allegations implicate the Eighth Amendment. An Eighth Amendment claim based on conditions of confinement requires the denial of "the minimal civilized measure of life's necessities." *See Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quotation omitted). An Eighth Amendment claim based on inadequate medical need requires a serious medical need—that is, "a condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Rodriguez v. Manenti*, 606 F. App'x 25, 26 (2d Cir. 2015) (quotation omitted). Both claims require that a prison employee knew of and disregarded an excessive risk to inmate health or safety. *Id.* at 27; *Walker*, 717 F.3d at 125.

Zubek's amended complaint is again defective because it contains no factual allegations suggesting that anyone, including the two defendants, knew of and disregarded an excessive risk to Zubek's health or safety. The complaint

4

fails to identify any facts describing what anyone did, failed to do, knew, or obviously should have known.  Zubek's complaint conclusorily alleges that the conditions of confinement and medical treatment were "below standards."  But below standards rings in negligence, not deliberate indifference, and there are no factual allegations fleshing out this conclusory assertion.  What conditions were the warden-defendant or other prison employees aware of and why would those conditions have posed an excessive risk to developing MRSA?  What symptoms were the doctor-defendant or other medical professional aware of and how did the treatment provided demonstrate an excessive risk of amputation?[1]  Without these allegations, the Court cannot conclude that it's plausible that any prison employee acted with deliberate indifference either with respect to Zubek's conditions of confinement or medical needs.

The Court, however, must determine whether affording Zubek a second opportunity to amend is justified.  It is not.  The Court already ordered Zubek to "identify the correctional staff members involved in his claims and indicate when the incidents underlying the claims occurred."  ECF No. 15.  The Court also mailed him a form for filing a civil rights complaint, and that form instructed Zubek to "[i]nclude all facts you consider important, including names of persons

---

[1] Zubek's initial complaint provides more factual allegations, but those allegations are also insufficient. Who did he see after cutting his foot? Who did he see afterwards—the same medical professional, a different medical professional? When did he see a medical professional? When did he develop MRSA-like symptoms? Why would those symptoms have obviously indicated

involved, places, and dates [and] [d]escribe exactly how each defendant is involved." Zubek's amended complaint provides *less* information than he initially provided, and his failure to provide this information again makes his complaint deficient. Under these circumstances, there is no reason to suspect that further amendment would result in anything but dismissal. *See Prezzi*, 469 F.2d at 692.

There are also two other factors suggesting that amendment would be futile. First, Zubeck's complaint details no conditions of confinement, and without explaining what those conditions were, the Court cannot determine that they deprived him of "the minimal civilized measure of life's necessities." Second, these both claims are likely time-barred. His claims arose around June 2010, but the Court received his initial, undated complaint in November 2015—over two years after the limitations deadline. *See Gojcaj v. City of Danbury*, 2016 WL 67688, at *5 (D. Conn. Jan. 5, 2016) ("In Connecticut, the appropriate limitations period for a Section 1983 claim is three years under Conn. Gen. Stat. § 52-577."). His complaint hints at no circumstances warranting the application of tolling, and given the more-than-two-year period, it's unlikely that he could provide grounds for such an extended period of time. Given these defects, in addition to the initially identified and uncured defect, the Court rules that amendment would be futile.

---

that he developed MRSA? Why was the treatment received woefully inadequate?

**Conclusion**

For the foregoing reasons, the Court DISMISSES the complaint pursuant to Section 1915(e)(2)(B)(ii). The Clerk of Court is directed to enter a separate judgment in accordance with Federal Rule of Civil Procedure 58 and close this file.

IT IS SO ORDERED.

                                                                                      /s/
                                            Vanessa L. Bryant
                                            United States District Judge

Order dated in Hartford, Connecticut on May 2, 2016.